UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR FRAUD INVESTIGATION | ML No: 1:21-ML-00062 |

*Reference:      DOJ Ref. # CRM-182-74635*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Rachel G. Hertz, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Germany.  In support of this application, the United States asserts:

RELEVANT FACTS

1.     The Central Authority of Germany, the Federal Office of Justice, submitted a request for assistance (the Request) to the United States, pursuant to the Treaty Between the United States of America and the Federal Republic of Germany on Mutual Legal Assistance in Criminal Matters, U.S.-F.R.G., Oct. 14, 2003, S. TREATY DOC. NO. 108-27 (2004), as supplemented by the Supplementary Treaty to the Treaty Between the United States of America

and the Federal Republic of Germany on Mutual Legal Assistance in Criminal Matters, U.S.-F.R.G., April 18, 2006, S. TREATY DOC. NO. 109-13 (2006) (the Treaty).

2.      As stated in the Request, the Schweinfurt District Attorney's Office, in Germany, is investigating unknown subjects for fraud, which occurred from in or about April 2019 to November 2019, in violation of the criminal law of Germany, specifically, Section 263 of the German Criminal Code.  Under the Treaty, the United States is obligated to assist in response to the Request.

3.      According to German authorities, the Victim contacted an unknown subject using the name Toki S. Hall (Hall), through an Internet website, in order to purchase an old BMW motorcycle.  The Victim and Hall then negotiated by email for the Victim to purchase three motorcycles from Hall for EUR 104,155.89 (approximately USD 116,971.00).  The Victim made a total of 13 money transfers to bank accounts at five different banks (Bank of America account numbers xxxxx4001 and xxxxx1005; Wells Fargo Bank account number xxxxx1005; U.S. Bank account number xxxxx1005; Truist Bank account number xxxxx1005; and Fifth Third Bank account number xxxxx1005, all located in the United States), as directed to by Hall.  The Victim never received any of the motorcycles he purchased and was not able to recover the transferred funds.

4.      To further the investigation, German authorities have asked U.S. authorities to provide bank records and information pertaining to Bank of America account numbers xxxxx4001 and xxxxx1005; Wells Fargo Bank account number xxxxx1005; U.S. Bank account number xxxxx1005; Truist Bank account number xxxxx1005; and Fifth Third Bank account number xxxxx1005.

## LEGAL BACKGROUND

5.      A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The

provisions of a treaty have equal footing with acts of Congress and are binding on the courts.

See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103

(1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a

treaty should be construed liberally "to give effect to the purpose which animates it."  United

States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent

that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty

supersedes the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

6.      The United States and Germany entered into the Treaty to promote more effective

judicial cooperation and assistance between the parties in criminal matters.  See Treaty pmbl.

The Treaty obligates each party, upon request, to provide assistance to the other in criminal

investigations, prosecutions, and related proceedings, including assistance in serving documents,

obtaining testimony, statements, records, and executing searches and seizures.  Article 1.  In

addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures

to further the execution of such requests.  Article 19(3) ("the courts . . . shall have . . . authority

to issue such orders . . . as are necessary to execute the request.").

7.      When executing a treaty or non-treaty request for assistance from a foreign

authority, an attorney for the government may file an application to obtain any requisite court

orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and

provides in pertinent part:

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

*          *          *

[A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

*          *          *

The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

8.      Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2]  This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

9.     An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  *See* 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

10.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to:  (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents

---

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's Subpoena" is included as Attachment A.

<u>REQUEST FOR ORDER</u>

11.      The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the German Federal Office of Justice, the designated Central Authority in Germany and seeks assistance in the investigation of fraud – a criminal offense in Germany.  The requested Order is necessary to execute the Request, and the assistance requested, <u>i.e.</u>, the production of bank records, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

12.      This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

13.      When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (<u>i.e.</u>, grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (<u>i.e.</u>, no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and

6

the applicable treaty likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  <u>Young v. U.S. Dept. of Justice</u>, 882 F.2d 633, 639 (2d Cir. 1989), <u>cert. denied</u>, 493 U.S. 1072 (1990); <u>In re Letters of Request from the Supreme Court of Hong Kong</u>, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); <u>In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti</u>, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person or entity other than the recipient(s) of any given commissioner subpoena.

14.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Rachel G. Hertz, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to

collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, to do so in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199


By: _____

Rachel G. Hertz
Trial Attorney
DC Bar Number 1531273
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) 616-2871
Rachel.Hertz@usdoj.gov

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
IN RE APPLICATION OF USA PURSUANT       )
TO 18 U.S.C. § 3512 FOR ORDER FOR       )
COMMISSIONER'S APPOINTMENT FOR          )
*[Insert Nature of Case/Investigation]* )
                                        )
                                        )
_____)

*Reference:*      *[Insert DOJ#]*
**(*Please repeat when responding.*)**

<u>COMMISSIONER'S SUBPOENA</u>

TO: *[Insert Name of Entity]*

I, Commissioner *[Insert Attorney Name]*, Trial Attorney, Office of International Affairs,

Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this

Court's Order signed on *[Insert Date]*, for the purpose of rendering assistance to Germany,

command that you provide the following documents regarding (an) alleged violation(s) of the

laws of Germany; specifically, *[Insert Name of Offense(s)]*, in violation of Section *[Insert*

*Number]* of the German Criminal Code:

Provide records to International Affairs Specialist *[Insert Name]* by emailing them to

*[Insert Email Address]* or by mailing via FedEx either a paper copy of the records or any

commonly used digital storage device loaded with the files to the following mailing address by

_____, 20__:

*[Insert IAS Name, Mailing Address, Email Address, and Telephone Number]*

For failure to provide records, or for disclosure of the existence of the subpoena, you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____

COMMISSIONER
*[Insert Name]*
Trial Attorney
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) *[Insert Number]*
*[Insert Email Address]*

2